IN THE CIRCUIT COURT OF COOK COUNTY
LAW DIVISION -- CIVIL DEPARTMENT – FIRST DISTRICT

| | |
|---|---|
| KIRBY SMITH, )<br>   Plaintiff, )<br> v. )<br>         )<br>         )<br>YELP INC., )<br>   Defendant, ) | No. 20 cv 1166 |

**COMPLAINT AT LAW**

Now comes Plaintiff Kirby Smith (Ms. Smith), by and through her Attorney, CIERRA N. NORRIS, for her complaint against Defendants YELP, INC (YELP).

**Nature of the Case**

1. At all times relevant, Ms. Smith was an employee of YELP. Ms. Smith worked at the office of YELP located on 222 W. Merchandise Mart Plaza, 60654 E. River North, Chicago, County of Cook and State of Illinois.

2. Ms. Smith worked for YELP as a Junior Account Executive from February 5, 2018 through May 3, 2019. During this time, Ms. Smith received promotions for the quality of her work and work ethic.

3. Ms. Smith requested reasonable accommodations while an employee, then eventually requested medical leave under the Family and Medical Leave Act of 1993 (FMLA) ordered by her doctor.

4. On May 3, 2019, Ms. Smith was discharged from employment by YELP.

5. This action for wrongful termination is categorized as retaliation and is a result of the following series of events.

6. Ms. Smith first attempted to use her paid time off (PTO) days on January 17, 2019. This initial request was denied.

7. Ms. Smith then filed a medical leave for absences between March 11, 2019 and June 2, 2019. This request was approved.

8. After nearly a month of being on medical leave, on April 16, 2019, Ms. Smith took a vacation to Thailand.

**Parties**

9. Petitioner, Ms. Smith is a former employee of YELP, at the office located at 222 W. Merchandise Mart Plaza, 60654 River North, Chicago, County of Cook and State of Illinois.

10. Respondent, YELP, is a business directory service and a crowd-sourced review forum. They are headquartered in San Francisco, California and market through crowd-sourced review on their website and cellular app.

**Jurisdiction & Venue**

11. This Honorable Court has jurisdiction over all parties of the lawsuit under 735 ILCS 5/2-209, for the following reasons (1) defendant conducts business in Illinois; (2) the incident at issue occurred within the state of Illinois and (3) the Plaintiff is a resident of Cook County.

12. Venue is proper for this action because the wrongful termination arose within the county.

**Count I Wrongful Termination**

13. Ms. Smith hereby incorporates by reference all facts and circumstances set forth within the forgoing paragraphs.

14. Pursuant to the Illinois Human Rights Act, it is unlawful for an employer to retaliate against an employee for taking FMLA leave, asserting rights under the FMLA, or opposing unlawful practices under the FMLA (29 C.F.R. § 825.220).

15. Under the *McDonnell Douglas* test, a plaintiff must first establish a prima facie case of retaliation by establishing the following elements. Courts generally analyze retaliation claims under the three-step, burden-shifting test created by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). If the plaintiff successfully establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for its actions.

16. To establish a prima facie complaint for wrongful termination based on YELP's retaliation against Ms. Smith, the following elements must be proven:

   a. The employee engaged in protected activity
   b. The employer subsequently took a materially adverse employment action against the employee; and
   c. The adverse action was causally connected to the protected activity

17. Ms. Smith's case meets all of the required elements. Ms. Smith went to see her health care physician and was told not to work. The requirement that an employee be unable to perform their job functions does not require that in each instance the employee literally be so physically or mentally incapacitated that they cannot work. Rather, the requirement is intended to cover situations in which the employee must be physically absent from work from time to time to receive treatment or be evaluated for a possible serious health condition (29 C.F.R. § 825.123(a)). FMLA leave is authorized for an employee's own serious health condition if the condition makes the employee unable to perform the essential functions of the job (29 U.S.C. § 2612(a)(1)(D)). Ms. Smith was ordered by her physician to request leave from work, which at minimum suggests her physician believed she was unable to perform the essential functions of the job.

18. YELP took a materially adverse employment action against Ms. Smith when they decided to terminate her without notice or valid reason to do so while she was on medical leave. Employees are entitled to return to their same or an equivalent job at the end of their FMLA leave. The Department of Labor (DOL) has issued a regulation stating that employers may not use an employee's FMLA leave as a negative factor in employment actions, which suggests the mixed-motive framework is available in FMLA retaliation cases (29 C.F.R. § 825.220).

19. Under the regulations, employees can continue to use FMLA leave for any period of incapacity or treatment due to a chronic serious health condition. The regulations continue to define a chronic serious health condition as one that (1) requires "periodic visits" for treatment by a health care provider or nurse under the supervision of the health care provider, (2) continues over an extended period of time, and (3) may cause episodic rather than continuing periods of incapacity. The regulations clarify this definition by defining "periodic visits" as at least twice a year. YELP terminated Ms.

Smith while on medical leave which is considered an adverse, material employment action. Though YELP claims that Ms. Smith used all of her PTO (paid time off) days, under the statute she is entitled to periodic visits to her health care provider. Ms. Smith suffers from a chronic health condition that YELP was aware of and provided accommodations for over an extended period of time. Ms. Smith's health condition resulted in her incapacity and eventually her FMLA leave of absence.

20. Although YELP claims to have terminated Ms. Smith for reasons not connected to her medical leave, the timing of her termination and events agreed upon infer that the termination was a direct result of her medical leave. Under FMLA, an employer has a duty to investigate and failure to conduct a thorough investigation into whether an employee was engaged in a protected activity before imposing discipline falls short of an employer's duty. Insufficient investigations include:

    a. failing to investigate other employees accused of the same misconduct as the plaintiff;

    b. failing to listen to the plaintiff's side of the story before taking disciplinary action; and

    c. accepting a co-worker's allegations at face value. (29 C.F.R. § 825.220).

21. YELP claims to have terminated Ms. Smith for allegations made by a coworker that she was threatening another YELP employee via text messages. Prior, YELP received photographs of Ms. Smith on her vacation in Thailand from a YELP employee. It is Ms. Smith's assertion that her vacation to Thailand motivated YELP's decision to terminate her. Ms. Smith's vacation in Thailand does not relate to her request for leave under FMLA because her doctor advised her not to work. YELP failed to investigate whether there were any restrictions associated with her medical leave before terminating her. Moreover, YELP's haste decision to terminate Ms. Smith supports the inference that the co-worker's allegations were taken for face value by the company.

22. YELP not only failed to participate in an investigation, the company also hardly made an attempt to inquire and/or document Ms. Smith's side of the events. YELP purports that they attempted to speak to Ms. Smith by calling her from April 29, 2019 until May 3, 2019 and that is not a thorough investigation.

23. Given the above events, YELP failed to perform a sufficient investigation. The lack of an adequate investigation supports Ms. Smith's claim alleging YELP's decision to terminate her was a direct response to her vacation, taken on while on medical leave under FMLA.

24. As a result of the retaliation, by YELP to terminate, Smith suffered harm in the following ways:

    a. Smith was terminated without severance and was forced to find an alternative means to support her family without cause.

    b. Smith's reputation suffered irreparable harm losing great gains in which she otherwise would have made and acquired, however was kept and will be kept from attending her ordinary affairs and duties.

    c. Smith became liable for large sums of money from interest on credit while struggling to pursue her daily affairs.

WHEREFORE, the Plaintiff, Ms. Smith, prays for entry of a judgment against the Defendant, YELP INC., in the amount of Two Hundred and Fifty Thousand Dollars ($250,000.00) as will adequately compensate her for her damages, together with her costs in bringing this suit. The Plaintiff further prays for an entry of judgment against the Defendant for any additional exemplary damages as the Court deems fair, just and equitable.

    Respectfully submitted,

    _____
    Cierra N. Norris



Cierra N. Norris #61617
ARDC: #6325783
The Law Office of C.N. Norris, LLC
55 E. Monroe St. Ste. 3800
Chicago, IL 60603
w: 312.625.6129
c: 234.525.8833
cierra@cnnorrislaw.com