IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIRBY SMITH; | ) |
| | ) |
|     Plaintiff | ) |
|   v. | ) No. 20-cv-1166 |
| | ) Honorable Martha M. Pacold |
| YELP INC. | ) |
| | ) |
|     Defendant | ) |

**INITIAL STATUS REPORT**

Plaintiff alone files this initial status report because, as set forth below, the time for Yelp to make its initial appearance and respond to Plaintiff's operative complaint has not elapsed. Plaintiff states as follows and asks that the Court continue the deadline for a joint status conference until after the deadline for Yelp's responsive pleading, which is November 24, 2020.

1. **Nature of the Case**
   a. **Identity of the Attorneys**
      For Plaintiff:

      Cierra Norris
      The Law Office of C.N. Norris, LLC
      55 E. Monroe Street, Suite 3800
      Chicago, IL 60603
      Ph: (234) 525- 8833
      Cierra@cnnorrislaw.com

      Edward Speights
      The Law Office of C.N. Norris, LLC
      55 E. Monroe Street, Suite 3800
      Chicago, IL 60603
      Ph: (234) 525- 8833
      Edward@cnnorrislaw.com

      For Defendant: TBD

   b. **Nature of the Claims**

Plaintiff claims she was retaliatorily fired on May 3, 2019 after exercising her right under the Family Medical Leave Act of 1993 ("FMLA"), resulting in a claim under 29 U.S.C. §2601 et. seq. Plaintiff asserts that she had a herniated disc, which the defendant had knowledge of, that prevented her from working on or about March 11, 2019. While on leave, Plaintiff went on a pre-planned vacation to

Thailand. Plaintiff's employment was then terminated after the defendant learned of this trip. Plaintiff further notes that Yelp failed to conduct a thorough investigation prior to terminating Smith. Moreover, the Plaintiff also claims that the defendant unlawfully discriminated against her on the basis of race, resulting in a claim under Title VII of the Civil Rights Act of 1964. Plaintiff not only noticed that people of color were denied promotions offered to less qualified white counterparts, but that people of color were often terminated for not being qualified even though they had more qualifications than their promoted white counterparts.

      Yelp claims, among other things, that they fired her for sending violent text messages to another Yelp employee, threatening other Yelp employees and at least one non-employee. Yelp claims it did conduct a thorough investigation by calling her once a day from April 29, 2019 to May 2, 2019. When Yelp learned that this matter was still pending, its in-house counsel emailed Plaintiff's counsel regarding the possibility of seeking a Rule 11 sanction for a frivolous and allowed Plaintiff's counsel approximately two weeks to decide to go forward with the claim. Plaintiff's counsel notified Yelp on September 22, 2020 that they would be going forward with the complaint.

    c. **Major Factual and Legal Issues**

        Plaintiff states:

            Whether defendants, Yelp, Inc., terminated Plaintiff, Kirby Smith, in retaliation for exercising her right under FMLA in violation of FMLA and the Americans with Disabilities Act. Plaintiff alleges retaliatory discharge, unlawful discharge, racial discrimination, violation of FMLA, and violation of the ADA.

        Defendant states:

            Deny all allegations and violations under claims for retaliatory discharge, unlawful discharge, racial discrimination, violation of FMLA, and violation of the ADA.

    d. **Relief Sought by the Plaintiff**

        Plaintiff is seeking consequential, compensatory, liquidated (including lost, foregone and future wages) damages as well as payment of attorney's fees, costs and disbursements.

2. **Jurisdiction and Venue**

    Plaintiff contends that the Court also has jurisdiction in this action pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. §§ 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981, 42 U.S.C §200e-5(f)(3) and 42 U.S.C. § 1983. Plaintiff contends that venue is proper under 28 U.S.C. § 1391 (b)(1) and (2).

3. **Status of Service**

    Defendant agreed to waive service on September 23, 2020 via email and sent the necessary documents on September 25, 2020. (A prior unsigned waiver was filed, but not received by Yelp.) Yelp returned the waiver on October 1, 2020 and has indicated to Plaintiff's counsel that it will timely file its responsive pleading under FRCP 4(d).

4. **Progress of Discovery**

   Discovery has not commenced. The parties communicated via email on September 4, 2020, where Plaintiff's counsel received a response letter to their complaint where the defendant supplied limited amounts of informal discovery in the form of screenshots.

5. **Settlement Efforts**

   There have been no settlement efforts between the parties.

6. **Agreed proposed schedule for the next 45 days**

   Set a new deadline for a joint status report due sometime after Yelp's responsive pleading deadline of November 24, 2020.

7. **Proposed revised discovery and dispositive motion schedule**

   To be addressed by both parties after Yelp's responsive

   pleading.

8. **Date: October 1, 2020**

                                                   Respectfully submitted,